IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TERRANCE TURNER, | § § § | |
| *Plaintiff,* | § | |
| v. | § § | Case No. 2:21-cv-00447-RSP |
| HALLSVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant.* | § | |

### MEMORANDUM ORDER

Before the Court, defendant Hallsville Independent School District ("HISD") moves to dismiss plaintiff Terrance Turner's first amended complaint. Dkt. No. 11. Turner opposes and requests sanctions in the amount of attorney's fees and costs incurred in opposing HISD's motion to dismiss. Dkt. No. 14. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**, and that the request for sanctions is **DENIED**.

I.  **MOTION TO DISMISS STANDARD**

In deciding a Rule 12(b)(6) motion, a court should accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 (noting "[f]actual allegations must be

enough to raise a right to relief above the speculative level"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).

## II.     BACKGROUND AND PROCEDURAL POSTURE

In April of 2015, HISD hired Turner at 58 years old as District Police Chief on the recommendation of Superintendent Jim Dunlap. Dkt. No. 5 ¶¶ 9-10. The term of employment was limited to the school year with an option to renew. During the 2015/2016 school year, Turner served on the Superintendent's cabinet. *Id.* The following school year, Jeff Collum replaced Dunlap as Superintendent and informed Turner that his service on the cabinet was no longer requested. *Id.* ¶ 12.

In January 2017, HISD Assistant Superintendent John Martin contacted an unnamed but significantly younger subordinate officer to prepare a District Critical Incident Response Team ("CERT") report. *Id.* ¶ 17. Prior to this, Turner was responsible for the creation and maintenance of CERT reports. *Id.* Neither Martin nor any other HISD authority consulted or informed Turner that he was no longer responsible of CERT reporting. *Id.*

In February 2017, a parent logged a complaint of bullying on behalf of a student-child by email to Mr. Collum, among others. *Id.* ¶ 18. Mr. Collum's response added Officer Mack Fuller, a significantly younger subordinate officer, to the recipient list. *Id.*

In April 2017, Turner started a Texas Safe Schools District Audit Report ("DAR") and notified Collum and Martin of such work. *Id.* ¶ 19. However, on May 3, 2017, Turner's access to the DAR online program was blocked. *Id.* ¶ 20. After some inquiry, Turner learned that he was

no longer responsible for data submission, that Miller then bore that responsibility, and that Miller with the assistance of Fuller populated the data. *Id*.

Throughout the 2016/2017 school year, Turner requested several meetings with Collum, the majority of which were declined, rescheduled or indefinitely postponed. *Id.* ¶ 16

In January 2018, Mr. Collum presented Turner with a letter of reprimand for issuing a citation against a motorist for operating a cell phone on an elementary school trafficway. *Id.* ¶ 21. Turner was informed that he must contact Collum before issuing such citations, even though other significantly younger officers issued similar citations without reprimand or need for pre-authorization. *Id.*

In April 2019, Turner received an "outstanding" evaluation from Mr. Collum for Turner's service. *Id.* at ¶ 22.

On May 19, 2020, Turner called and texted Martin regarding contract renewal for the 2020/2021 school year. *Id.* ¶ 24. Martin never replied. *Id*. The following day, Collum informed Turner that the Board declined to renew Turner's contract. *Id*. ¶ 25. Turner was 63 years old. Officer Chris Miller, who is 20 years younger than Turner, was appointed to replace Turner despite having no command history and only a few months of experience in school policing. *Id*.

On January 22, 2021, Turner filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Texas Commission on Human Rights, the particulars of which include being discharged by virtue of nonrenewal because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). Dkt. No. 5-1 p 2.

Suit was filed on December 7, 2021. Dkt. No. 1.  HISD filed a motion to dismiss for failure to plead a *prima facie* case of discrimination, and in the alternative, for failure to timely exhaust administrative remedies. Dkt. No. 4.  The same day, Turner filed an amended complaint, Dkt. No.

5, and a response to the motion to dismiss, Dkt. No. 6. The only substantive amendment made was to correct the claim that the EEOC charge was filed within 180 days to within 300 days from the alleged discriminatory treatment. Compare Dkt. No. 1 ¶ 5, with Dkt. No. 5 ¶ 5. Turner's response opposed dismissal and additionally requested sanctions for opposing the motion. Dkt. No. 6 p 6. HISD refiled its motion to dismiss and responded to Turner's request for sanctions. Dkt. No. 11. Turner again opposed and reurged his request for sanctions. Dkt. No. 14. HISD filed a reply. Dkt. No. 15.  No sur-reply was filed.

### III.    SUFFICIENCY OF THE PLEADING

Under the ADEA, it is "unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  "Liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993). Because direct evidence of motivation is seldom available, the Court regularly applies the framework espoused in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973) ("*McDonnell Douglas* framework") when ADEA claims are based on circumstantial evidence. See *Bodenheimer v. PPG Industries, Inc.,* 5 F.3d 955, 957 (5th Cir. 1993); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141-142 (2000) (compiling circuit cases applying the *McDonnell Douglas* framework to ADEA claim); *Ibid.* (applying the *McDonnell Douglas* framework to an ADEA claim because the parties did not dispute its application). Turner has not pleaded or presented any policy, document, witness testimony, or other direct evidence that he was discriminated against because of his age. Accordingly, his pleadings are based on circumstantial evidence, and the *McDonnell Douglas* framework applies.

Under step one of the burden-shifting framework, Turner must establish a *prima facie* case of discrimination by demonstrating that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). The complaint satisfies this burden: (1) the non-renewal of a contract constitutes a discharge within the meaning of the ADEA, *Mooney v. Lafayette County School Dist.*, 538 Fed.Appx 447, 453 (5th Cir. 2013); (2) having previously held the position and received the "outstanding" evaluation in April 2019, Turner was qualified; (3) at the time he was discharged, he was "at least 40 years of age," 29 U.S.C. § 631(a); and (4)(ii) he was replaced by someone 20 years younger.

## IV. EXHAUSTION

HISD alternatively moves to dismiss the complaint for failure to timely exhaust administrative remedies. While administrative exhaustion under the ADEA has a few steps, the only step at issue in HISD's motion to dismiss pertains to the period of time within which a charge of discrimination must be filed. Relevant to that issue, ADEA provides that a charge must be filed with the EEOC within 180 days of the alleged discriminatory act in a non-deferral state or within 300 days in a deferral state. 29 U.S.C. § 626(d); *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 384 (5th Cir. 2002) ("Under the ADEA, in a deferral state the limitations period for filing an age discrimination charge with the EEOC is effectively 300 days."). A deferral state is one which has laws prohibiting age discrimination. 29 U.S.C. § 633(b). Texas is a deferral state. See, *e.g.*, *Tyler*, 304 F.3d at 384 ("Texas is a 'deferral' state"); *Jose A Ramos v. Roma ISD*, No. 7:20-CV-133, 2020 WL 11025598, at *2 (S.D. Tex. Dec. 17, 2020) ("[A] Texas employee's ADEA claim is typically time-barred if the employee fails to file an age discrimination charge with the EEOC

within 300 days of the unlawful employment practice."). Thus, Turner had 300 days from the alleged act of age discrimination to file a charge of discrimination.

According to the complaint, Turner was informed that HISD would not renew his employment contract on May 20, 2020; the charge of discrimination was filed January 22, 2021. That is within the 300-day limit, and for the limited purposes of HISD's motion Turner's allegation of discriminatory termination has been properly exhausted. The same cannot be said of Turner's allegations of discriminatory treatment predating termination. Turner's charge of discrimination relates to and only to his termination, and Tuner does not argue that the allegedly discriminatory treatment predating termination outlined in the complaint "can reasonably be expected to grow out of the charge of discrimination." Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir.1970); see also Pacheco v. Mineta, 448 F.3d 783, 788–89 (5th Cir. 2006) (discussing the competing policies that apply to exhaustion and the scope of judicial review). Additionally, the Fifth Circuit takes a limited view of adverse employment actions to preclude claims of discriminatory action short of ultimate employment decisions. *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) ("Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.") (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 599 (5th Cir. 2007). Accordingly, even if Turner had exhausted claims of allegedly discriminatory treatment predating termination, those claims would not be actionable within the Fifth Circuit. Thus, the events preceding his termination may be admissible to show the motivation of the discharge, they are not independently actionable as a basis for recovery of damages in this case.

## V. Sanctions

The Court will refrain from imposing sanctions because as the analysis above demonstrates, HISD's motion was not "groundless." The original complaint incorrectly claimed that the charge of discrimination was filed within 180 days of the alleged act of discrimination. Further, even after its corrections, it was not groundless for the HISD to seek to limit the scope of the actionable claims raised in the complaint to only the properly exhausted claims.

## VI. CONCLUSION

For the reasons addressed above, HISD's motion to dismiss, Dkt. No. 11, is **DENIED** to the extent it claims Turner failed to plead a *prima facie* case of discrimination, **DENIED** to the extent it claims Turner failed to exhaust administrative remedies relating to the allegation of discriminatory termination, and **GRANTED** to the extent it claims Turner failed to exhaust administrative remedies relating to allegations of discriminatory treatment predating Turner's termination.

**SIGNED this 6th day of September, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE